IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION

| | |
|---|---|
| **GALE VALERIE ABRAMS**, | |
| Plaintiff, | |
| v. | **CASE NO.: 9:18-CV-81533-BB** |
| **BENZ, LLC.**, | |
| Defendant. | |

**PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT
AND FOR AWARD OF ATTORNEY FEES AND COSTS**

Plaintiff GALE VALERIE ABRAMS ("Plaintiff"), pursuant to the provisions of Rule 55(b)(2) of the Federal Rules of Civil Procedure, moves this Court to enter Default Judgment Default against Defendant BENZ, LLC. Plaintiff further seek attorneys' fees and costs.

**PROCEDURAL BACKGROUND**

Plaintiff initiated this action for injunctive relief and attorneys' fees and costs pursuant to 42 U.S.C. §12181, et seq. ("Americans With Disabilities Act" or "ADA"). Plaintiff, GALE VALERIE ABRAMS, qualifies as an individual person within the meaning of the ADA. Plaintiff requires grab bars behind and adjacent to a commode so that she can safely transfer and often has difficulty reaching the flush handle. Plaintiff's wheelchair accommodation is difficult to transport through doorways that lack the proper width. The subject property is a hotel. Defendant was served with the summons and complaint on November 19, 2018 [DE 9] but failed to file any responsive pleading. Therefore, a Clerk's Default was entered against Defendant on December 12, 2018 [DE 12].

## MEMORANDUM OF LAW

### I.        Plaintiff is Entitled to Final Default Judgment

This Court has original jurisdiction pursuant to 28 U.S.C. §1331 and 1343, for Plaintiff's claims under 28 U.S.C. §12181, *et. seq*. based Defendant's violations of Title III of the Americans With Disabilities Act (see also, 28 U.S.C. §2201 and §2202).

Pursuant to the provisions of Rule 55 of the Federal Rules of Civil Procedure, when a party against whom affirmative relief is sought has failed to plead or otherwise defend as provided by the Rules of Civil Procedure, a default shall be entered against that party. In the instant action, Defendant was properly served with the Complaint filed herein and failed to file a response as required by law. As such, a final default judgment should be entered by the Court against Defendant based upon evidence provided by a supporting affidavit and/or a hearing if necessary.

Defendant owns, operates and controls a place of public accommodation as defined by the ADA under 28 CFR 36.201(a) and 36.104. The property is called BERNEY FLY BED AND BREAKFAST and is located at 1118 Government Street, Mobile, AL, 36604 in **Mobile COUNTY, Alabama** (hereinafter "the Property"). Defendant is required to comply with the ADA, as well as the standards applicable to places of public accommodation, as set forth in the Code of Federal Regulations, and the 2010 ADA Standards, incorporated by reference into the ADA. These regulations impose requirements pertaining to places of public accommodation, including places of lodging, to ensure that they are accessible to disabled individuals. More specifically, 28 C.F.R. § 36.302(e)(1) (ii) imposes the following requirements:

> **Reservations made by places of lodging**. A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party:

(i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;

(ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;

(iii) Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;

(iv) Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and

(v) Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

The Defendant, either by itself or through a third party, implemented, operates, controls and/or maintains the following website for the Property:

https://www.berneyflybedandbreakfast.com/

The purpose of this website is so that members of the public may reserve guest accommodations and review information pertaining to the goods, services, features, facilities, benefits, amenities, and accommodations of the Property. As such, the website is subject to the requirements of 28 C.F.R. § 36.302(e). Prior to commencement of this lawsuit, Plaintiff visited the Property's website for the purpose or reviewing an assessing the accessible features at the Property to ascertain whether it meets Plaintiff's individual disability needs by seeking descriptions of the disability accommodations. Plaintiff was unable to verify whether the Property contains adequate

disability accommodations due to Defendant's failure to comply with the requirements imposed by 28 C.F.R. § 36.302(e)(1).

The website operated by Defendant, or on behalf of Defendant through a third party, does not alert any disabled person as to roll-in showers, tubs, built-in seating, commodes, grab bars, sinks, wrapped pipes, sink and door hardware, sufficient maneuvering spaces, furniture, controls, nor operating mechanisms. It does not identify whether there is compliant handicapped parking, nor the location of the parking in proximity to ramps or entrances to the Property. Defendant's non-compliance deprived Plaintiff of the equal opportunity to obtain necessary information regarding goods, services, features, facilities and accommodations generally available to nondisabled persons when booking public accommodations at this Property. The website does not identify and describe the accessible features of the Property in enough detail to reasonably permit individuals with disabilities, nor this Plaintiff, to assess independently whether this Property meets any specific disability requirements.

Prior to commencement of this action, Plaintiff sent Defendant a letter notifying the Defendant of non-compliance, seeking to remedy the situation, and otherwise offering to assist the Defendant in coming into compliance with the aforementioned laws. At the time of filing of this lawsuit, Defendant failed to address the letter or otherwise effectively communicate with the Plaintiff to resolve the issues of this case. Plaintiff intends to revisit Defendant's or Defendant's third-party agent's website and/or online reservation system in order to test it for compliance with 28 C.F.R. § 36.302(e) and/or otherwise determine if the site provides enough information for Plaintiff to determine whether the site comes into compliance with the guidelines of the aforementioned law.

Under Section 36.302(b)(2) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages or accommodations of an entity. 42 U.S.C. §12182 et seq. The Department of Justice, Office of the Attorney General, promulgated federal regulations to implement the requirements of the ADA. 28 CFR Part 36. Defendant is in violation of 42 U.S.C. 12181 et seq., and 28 CFR 36.302 et seq., and is discriminating against Plaintiff. The discrimination is based on the Defendant's denying Plaintiff full and equal enjoyment of the goods, services, facilities, benefits advantages and accommodations as prohibited by 42 U.S.C. §12182 et seq., and by depriving her of the information required to make meaningful choices for travel. By maintaining the website with the violations, Defendant deprives Plaintiff the equality of opportunity offered to the general public.

Under 42 U.S.C. 12188(a)(2), this Court has the authority to grant Plaintiff's injunctive relief, including an Order to alter the subject facilities to make them readily accessible to and useable by individuals with disabilities to the extent required by the ADA. In *Houston v. Petrol Enters.,* No. 11-61737-CIV-COHN/SELTZER, 2012 U.S. Dist. LEXIS 188683 (S.D. Fla. Jan. 30, 2012), this Court issued a default judgment requiring the defendant to bring the violations described in the complaint into compliance with the ADA. *See also Houston v. Petrol Enterprises*, *Inc.,* 0:11-cv-61737-JIC, DE 15 (S.D. Fla. March 30, 2012) (requiring defendant to bring violations into compliance and awarding attorneys' fees, costs and litigation expenses by separate order).

II.     **Plaintiff Is Entitled to His Attorney Fees, Costs, and Litigation Expenses**

Plaintiff was obligated to retain undersigned counsel for the filing and prosecution of this action and has agreed to pay reasonable attorneys' fees, including costs and litigation expenses

and costs incurred in this action. Plaintiff is entitled to recover those attorneys' fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C. §12205 and whatever other relief the Court deems just, equitable and appropriate. Section 12205 of the Americans with Disabilities Act ("ADA") authorizes this Court to "allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs . . ." 42 U.S.C. § 12205.  A "prevailing party" is "[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded." *Harty v. Ross Dress for Less, Inc.,* No. 6:11-cv-351-Orl-31GJK, 2012 U.S. Dist. LEXIS 1187, 2012 WL 28807, at *1 (M.D. Fla. Jan. 5, 2012) (citing *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604, 121 S. Ct. 1835, 149 L. Ed. 2d 855 (2001)).

Under Federal Rule of Civil Procedure 54(d), a prevailing party is entitled to their costs. A prevailing party's recoverable costs are listed in 28 U.S.C. § 1920 which provides that the following costs are taxable: (1) fees of the clerk and marshal; (2) fees of the court reporter for all or any party of the stenographic transcript necessarily obtained for use in the case; (3) fees and distributions for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees under section 1923; and (6) compensation of court-appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services. 28 U.S.C. § 1920.

The inclusion of the term "litigation expenses, and costs" in the ADA is broader than this costs statute and Plaintiffs may also recover all litigation expenses. *Brother v. BFP Invs., Ltd.,* No. 03-60129-CIV, 2010 U.S. Dist. LEXIS 74861, 2010 WL 2978080, at *8 (S.D. Fla. July 26, 2010). Because Defendant was properly served with the Complaint filed herein and failed to file a response as required by law, a final default judgment should be entered by the Court against

6

Defendant, and as such Plaintiff is entitled to recover her reasonable attorneys' fees, costs, and litigation expenses.

### III.    Calculating Attorneys' Fees

To determine a reasonable attorneys' fee award, the Court must multiply the number of hours reasonably expended on the litigation by the customary fee charged in the community for similar legal services. *Hensley v. Eckerhart*, 461 U.S. 424, 433-34, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983); *Norman v. Hous. Auth.*, 836 F.2d 1292, 1299 (11th Cir.1988). The court may adjust the fees' amount, based on a variety of factors. *Hensley*, 461 U.S. at 435-36.

A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. *Blum v. Stenson*, 465 U.S. at 895-96 n. 11, 104 S. Ct. at 1547 n. 11. *Accord*, *Gaines v. Dougherty County Board of Education*, 775 F.2d 1565, 1571 (11th Cir.1985).

Avery S. Fenton's Affidavit of Attorney's Fees and Costs is attached as Composite Exhibit A. Attorney Avery S. Fenton has been an attorney since 2015 and is a member in good standing in Florida and United States District Court for the Southern District of Florida. Attorney Fenton seeks an hourly rate of $325.00.

### IV.    Costs and Litigation Expenses

A prevailing party is entitled to costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure. These costs are defined by 28 U.S.C. §1920, which provides for recovery of, inter alia, (1) fees of the Clerk and process server; (2) court reporter fees "for all or any part of the stenographic transcript obtained for use in the case"; (3) fees "for exemplification and copies of papers necessarily obtained for use in the case"; and (4) docket fees.

Additionally, Plaintiff seeks a $1,000.00 reinspection fee for the reinspection contemplated after the Defendant completes the repairs of the existing barriers to access, to confirm that the ADA violations have been corrected. Reinspection fees have been awarded in civil rights cases in order to monitor compliance with the court order. *See, Access For America, Inc. v. Oakwood Center, L.C.*, Case No. 8:02-civ-464-T-30MSS (M.D. Fla. 2003). Numerous circuit courts have held that services required in the post-judgment monitoring to ensure continuing compliance with a consent decree in civil rights cases are compensable.

Plaintiff has incurred $6,078.00 in fees and expenses. This is based on 14.5 hours expended by Attorney Avery S. Fenton, multiplied by a sought hourly rate of $325.00, for a total of $4,518.00; filing fees in the amount of $400.00, and process server fees in the amount of $160.00. Plaintiff also anticipates a reinspection fee of $1,000.00 to ensure compliance. Plaintiff's counsel below certifies that he has fully reviewed the time records and supporting data and that the motion is well grounded in fact and is justified. Plaintiff's total expert fees, attorney fees, costs and litigation expenses are $6,078.00.

## CONCLUSION

WHEREFORE, Plaintiff respectfully moves this Court to enter Judgment after Default against the Defendant, is in violation of the requirements of Title III of the ADA, and enjoining it from discriminating against individuals with disabilities, closing the subject facilities until completion of all alterations necessary to make the premises accessible by individuals with disabilities and otherwise in compliance with the ADA, and awarding Plaintiff her attorneys' fees, and costs incurred in this lawsuit in the amount of $6,078.00.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 4th day of January 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certified that the forgoing document is being served this day on all counsel of record or pro se parties identified below in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically, Notices of Electronic Filing:

BENZ, LLC.
1118 Government Street
Mobile, FL 36604

> Respectfully submitted,
> LEGAL JUSTICE ADVOCATES, LLP
>
>
> /s/ Avery S. Fenton
> Avery S. Fenton
> Florida Bar No. 118186
> *Counsel for Plaintiff, Gale Abrams*
> Tel: (202) 290-6671
> Email: af@legaljusticeadvocates.com

# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

GALE VALERIE ABRAMS,

      Plaintiff,

      v.

BENZ, LLC.,

      Defendant.

CASE NO.: 9:18-CV-81533-BB

## AFFIDAVIT OF ATTORNEYS' FEES AND COSTS

BEFORE ME, the undersigned, personally appeared Avery S. Fenton, Esq., who, after being first duly sworn, deposes and says:

1. I am the attorney for Plaintiff, **GALE VALERIE ABRAMS**, in this matter.

2. I have been a practicing attorney for three years (since 2015) and am a member in good standing of the Florida Bar; United States District Court for the Southern District of Florida.

2. I have handled multiple Title III ADA cases during the course of my professional career.

3. This affidavit is based upon my own personal knowledge and the information I obtained after reviewing the time records kept by my law firm in this matter. This time was typed into my timesheet/invoice on my work computer contemporaneously with the work being performed.

4. I expended 14.5 hours in the instant case at a hourly rate of $325.00 per hour, per agreement which total fees billed is $4,518.00. My firm paid $400.00 for filing fees, and $160.00 to the process server. I anticipate that a reinspection fee of $1,000.00 will be spent in the future.

1

Pursuant to 28 U.S.C. Section 1746, I declare, certify, verify, and state under penalty of perjury that the foregoing is true and correct.

**FURTHER AFFIANT SAYETH NAUGHT**

_____
AVERY S. FENTON, ESQ.

STATE OF FLORIDA      )
                              ) ss.:
COUNTY OF BROWARD  )

Before me personally appeared AVERY S. FENTON, personally known to me _____ or produced _____ as identification.

**SWORN to and SUBSCRIBED** before me on the _____ day of January, 2019.

_____
NOTARY PUBLIC, State of Florida

_____
Print, Type or Stamp Name of Notary Public

2

Client Name:                             Gale Valerie Abrams
Case No.:                                  18-cv-81533
Month:                                  October 1, 2018
Billing Rate                              $325/hour
Attorney:                                Avery Fenton

| Date | Activity | Time | Cost | Balance |
|------|----------|------|------|---------|
| October 15, 2018 | Telephone conference for brief consultation. Not billed out of courtesy. | N/A | N/A | N/A |
| October 15, 2018 | Meet with client for initial consultation and sign up. | 1.3 | $422.50 | $422.50 |
| October 16, 2018 | Conduct legal research with respect to Title III of the ADA and relevant statute 28 C.F.R. SS 36.302 ( e ) ( ii ). | 1.2 | $390.00 | $812.50 |
| October 16, 2018 | Conduct internet research as to cases filed or litigated under the relevant statute (mentioned above) in order to ascertain success on such claims within 11th Circuit. | 0.9 | $292.50 | $1,105.00 |
| October 16, 2018 | Conduct internet research regarding hotel's website (site only) to determine ADA Compliance with 28 CFR SS 36.302 ( e ) ( ii ) | 0.4 | $130.00 | $1,235.00 |
| October 17, 2018 | Conduct internet research (reservation click through) from hotel's website to determine ADA Compliance (same statute). | 0.3 | $97.50 | $1,332.50 |
| October 18, 2018 | Based on non-compliance, gather other relevant data: property owner information (property appraiser website) | 0.2 | $65.00 | $1,397.50 |
| October 18, 2018 | Based on non-compliance, gather other relevant data: General Manager identification and email address - telephone correspondence with hotel staff. | 0.1 | $32.50 | $1,430.00 |
| October 18, 2018 | Based on non-compliance, gather other relevant data: Registered agent information (state division of corporations website) | 0.2 | $65.00 | $1,495.00 |
| October 19, 2018 | Based on non-compliance, gather other relevant data: hotel website URL, telephone number, address. | 0.1 | $32.50 | $1,527.50 |
| October 20, 2018 | Prepare draft of Complaint for the Southern District of Florida. | 1.4 | $455.00 | $1,982.50 |
| October 20, 2018 | Review prior legal and internet research to assist in drafting Complaint. | 0.4 | $130.00 | $2,112.50 |
| October 21, 2018 | Prepare draft of Demand Letter to Property Owner. | 0.9 | $292.50 | $2,405.00 |
| October 22, 2018 | Revise and finalize Complaint. | 0.2 | $65.00 | $2,470.00 |
| October 22, 2018 | Revise and finalize Demand Letter. | 0.2 | $65.00 | $2,535.00 |
| October 25, 2018 | Prepare Spoliation Letter regarding electronically stored information (8 pages) to accompany demand letter. | 1.6 | $520.00 | $3,055.00 |
| October 26, 2018 | Prepare copy of demand letter to GM as strategy to better communicate with property owner. | 0.2 | $65.00 | $3,120.00 |
| October 27, 2018 | Telephone conference with client to confirm pre-litigation process and the steps we are taking in order to advocate on her behalf. | 0.3 | $97.50 | $3,217.50 |
| October 31, 2018 | Prepare e-mail correspondence containing demand package to hotel General Manager (GM). | 0.1 | $32.50 | $3,250.00 |
| November 2, 2018 | Review correspondence from Berney Fly manager via voicemail. | 0.1 | $32.50 | $3,282.50 |
| November 5, 2018 | Prepare filing complaint, cover sheet, and summons. | 0.3 | $97.50 | $3,380.00 |
| November 9, 2018 | Review sua sponte order from Judge directed at counsel. | 0.2 | $65.00 | $3,445.00 |
| November 10, 2018 | Forward Issued summons to process server | 0.2 | $65.00 | $3,510.00 |
| November 13, 2018 | Prepare response to order requiring verified information from counsel. | 0.5 | $162.50 | $3,607.50 |
| November 13, 2018 | Run multiple searches on Pacer to comply with Judge's order and to prepare verified filing, screenshots captured. | 0.3 | $97.50 | $3,705.00 |
| December 12, 2018 | Review Judge Order directed to counsel and draft/file motion for entry of default | 0.5 | $162.50 | $3,738.00 |
| December 13, 2018 | Review entry of Clerk's Default and Judge Order re default procedures | 0.5 | $162.50 | $3,900.50 |
| December 18, 2018 | Review Pro-Se Answer to Complaint and Motion for Additional Time to Respond | 0.2 | $65.00 | $3,965.50 |
| December 26, 2018 | Review Order on Default Judgment Procedure. | 0.2 | $65.00 | $4,030.50 |
| December 28, 2018 | Draft/file motion for entry of final default judgment; affidavit in support; order approing motion and proposed Final Judgment | 1.5 | $487.50 | $4,518.00 |
| | | | | |
| | TOTAL AMOUNT BILLED | 14.5 | $4,518.00 | |
| | **TOTAL BALANCE DUE** | | **$4,518.00** | |